1 | CRAIG L. JUDSON - 114926
SHARON M. NAGLE - 179124
2 | Bold, Polisner, Maddow, Nelson & Judson
A Professional Corporation
3 | 2125 Oak Grove Road, Suite 210
Walnut Creek, CA 94598
4 | (925) 933-7777 – Telephone
(925) 933-7804 – Fax
5 | Email: snagle@bpmnj.com

6 | Attorneys for Judge Warren Stracener,
Judge Thomas Smith (Ret.), Judge
7 | David DeVore (Ret.), Judge Pro Tem
Freda Pechner, and Jennifer Jimenez
8 |

9 | UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

10

11 | JAMES WILFRED RAY and DEBORAH )      Case No. 2:19-CV-0055-MCE-KJN
| ANN RAY, )
12 | )      NOTICE OF MOTION AND MOTION
| Plaintiffs, )      TO DISMISS PLAINTIFFS'
| )      COMPLAINT; MEMORANDUM OF
13 | )      POINTS AND AUTHORITIES
| vs. )
14 | )      Date: March 21, 2019
| JUDGE WARREN STRACENER, et al. )      Time: 10:00 a.m.
15 | )      Courtroom: 25
| Defendants. )      Hon. Kendall J. Newman
16 | )

17

18 | **NOTICE**

19 | TO PLAINTIFFS JAMES W. RAY AND DEBORAH ANN RAY:

20 | PLEASE TAKE NOTICE that on March 21, 2019, at 10:00 a.m., in Courtroom 25 of

21 | the United States District Court for the Eastern District of California, 501 "I" Street,

22 | Sacramento, California, defendants the Honorable Warren Stracener, judge of the Superior

23 | Court of California, County of El Dorado, the Honorable Thomas Smith (Ret.), the Honorable

24 | David DeVore (Ret.), Freda Pechner, Judge Pro Tem, and Jennifer Jimenez,[1] courtroom clerk

25 | of the Superior Court of California, County of El Dorado (collectively referred to as "the

26

27

28 | [1] Ms. Jimenez was erroneously named in the complaint as 'Jennifer Heminez.'

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1   Judicial Defendants") will, and hereby do, move this Court pursuant to Federal Rules of Civil

2   Procedure 12(b)(1) and 12(b)(6) for an order dismissing Plaintiffs' complaint against them.

3         The Judicial Defendants move to dismiss Plaintiffs' claims because this Court lacks

4   subject matter jurisdiction. In order to provide Plaintiffs relief, this Court would need to

5   review determinations in state court proceedings, which is not permitted under the *Rooker-*

6   *Feldman* doctrine. Additionally, the Eleventh Amendment bars suits against the arms of the

7   state such as the Judicial Defendants. Lastly, to the extent state court proceedings are

8   ongoing, the *Younger* abstention doctrine bars this action and Plaintiffs lack standing to bring

9   their claims.

10        The complaint must also be dismissed because the action is barred by the doctrine of

11   absolute judicial and/or quasi-judicial immunity and failure to plead facts sufficient to state

12   a cause of action. Plaintiffs fail to allege compliance with the California Government

13   Claims Act, which bars any state law causes of action for money damages against the

14   Judicial Defendants.

15        For each of these reasons, the Judicial Defendants respectfully request that the

16   Court grant this motion and dismiss Plaintiffs' complaint against them without leave to

17   amend. This motion is based on this notice, the attached memorandum of points and

18   authorities, all pleadings, files and records in this action, and on such other argument as may

19   be received by the Court at the hearing of this motion.

20   DATE: February 7, 2019         BOLD, POLISNER, MADDOW, NELSON & JUDSON

21

22                           By: /s/ Sharon M. Nagle
                                  SHARON M. NAGLE

23                                   Attorneys for the Judicial Defendants

24

25

26

27

28

1

**TABLE OF CONTENTS**

2   I.      INTRODUCTION ...................................................................................................1

3   II.     STATEMENT OF FACTS ......................................................................................2

4   III.    THE COMPLAINT FAILS TO MAKE A SHORT
        AND PLAIN STATEMENT THAT PLAINTIFFS ARE
5       ENTITLED TO RELIEF ........................................................................................3

6   IV.     THE DISTRICT COURT LACKS SUBJECT MATTER
7       JURISDICTION .....................................................................................................4

8       A.      Plaintiffs' Complaint is Barred Under the
            *Rooker-Feldman* Doctrine ...........................................................................4

9       B.      The Eleventh Amendment Bars Plaintiffs'
10          Complaint Against the Judicial Defendants .................................................5

11      C.      Plaintiffs Lack Article III Standing ..............................................................6

12      D.      Plaintiffs' Complaint Should Be Dismissed
            Based Upon the *Younger* Abstention Doctrine ...........................................7

13  V.      ALL CAUSES OF ACTION ARE BARRED BY
14      ABSOLUTE JUDICIAL AND/OR QUASI-JUDICIAL IMMUNITY .................8

15      A.      The Complaint is Barred by Absolute Judicial Immunity ............................8

16      B.      Quasi-Judicial Immunity Bars Any Claim for
            Damages Against Ms. Jimenez.....................................................................9

17  VI.     PLAINTIFFS' COMPLAINT MUST BE DISMISSED
18      FOR FAILURE TO STATE A CLAIM .................................................................10

19      A.      Plaintiffs Failed to Comply with The Government
            Claims Act ...................................................................................................11

20      B.      Plaintiffs Fail to State a Cause of Action for Civil
21          Rights Violations .........................................................................................12

22  VII.    CONCLUSION.....................................................................................................13

23

24

25

26

27

28

i

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Alvarez v. Hill*, 518 F.3d 1152 (9th Cir. 2008) ................................................................ 3

4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)........................................................ 8, 10, 11

5

*Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) .................................... 13

6

*Bell v. Twombly,* 550 U.S. 544 (2007)............................................................ 8, 10

7

*Bradley v. Fisher*, 80 U.S. 335 (1871)............................................................ 8

8

*City of Stockton v. Superior Court*, 42 Cal.4th 730 (2007) .......................... 11

9

*Crow v. County of San Diego*, 608 F.3d 406 (9th Cir. 2010) ........................ 13

10

*Darulis v. City of San Diego,* (S.D. Cal., Apr. 9, 2008, No. 07CV2170 LAB LSP) 2008 WL

11

    1345984 at 2 ............................................................................................ 10

12

*District Court of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)........................ 4

13

*Dumas v. Kipp*, 90 F.3d 386 (9th Cir. 1996) ................................................. 3

14

*Durning v. Citibank, N.A.*, 950 F.2d 1419 (9th Cir. 1991) ........................... 6

15

*Franceschi v. Schwartz*, 57 F.3d 828 (9th Cir. 1995)................................... 6

16

*Gibson v. Berryhill*, 411 U.S. 564 (1973) ...................................................... 7

*Grant v. Johnson*, 15 F.3d 146 (9th Cir. 1994).............................................. 7

17

*Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103 (9th Cir. 1987)............ 6

18

*Hansen v. Black*, 885 F.2d 642 (9th Cir. 1989) ............................................. 13

19

*Harris v. Roderick*, 126 F.3d 1189 (9th Cir. 1997) ....................................... 13

20

*Hirsh v. Justices of the Supreme Court of the State of California*, 67 F.3d 708 (9th Cir. 1995). 7

21

*Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978) ........................................... 13

22

*Jones v. Nazaroff*, (E.D. Cal., July 17, 2015, No. 1:15-CV-00757-LJO)

23

    2015 WL 4393061 at 6 ............................................................................ 9

24

*Julian v. Mission Community Hospital*, 11 Cal.App.5th 360 (2017) ............. 12

25

*Jurin v. Google Inc.*, 768 F.Supp.2d 1064 (E.D. Cal. 2011) ........................ 10

26

*Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988) .............................................. 6

27

*Lefcourt v. Superior Court*, 63 F.Supp.2d 1095 (N.D. Cal. 1999) ............... 5

28

*Mireles v. Waco*, 502 U.S. 9 (1991) .............................................................. 8

*Mohebbi v. Khazen*, 50 F.Supp.3d 1234 (2014) ........................................................................ 10

*Moore v. Brewster,* 96 F.3d 1240 (1996)..................................................................................... 9

*Morrison v. Jones,* 607 F.2d 1269 (1979) .................................................................................. 9

*Mullis v. U.S. Bankruptcy Court for Dist. of Nevada,* 828 F.2d 1385 (1987) ............................. 9

*Nguyen v. Los Angeles County Harbor/UCLA Medical Center,* 8 Cal. App.4th 729 (1992).... 12

*Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89 (1984).......................................... 6

*Regents of the University of California, et al. v. Doe*, 519 U.S. 425 (1997)................................ 6

*Robinson v. United States,* 586 F.3d 683 (9th Cir. 2009)............................................................. 4

*Rogers v. Centrone,* 261 Cal. App. 2d 361 (1968) ................................................................... 12

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)...................................................................... 4

*Sharma v. Stevas,* 790 F.2d 1486 (1986) ................................................................................... 9

*State of California v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234 (2004) ........ 12

*Stump v. Sparkman,* 435 U.S. 349, 362 (1978)........................................................................... 8

*Tietz v. Los Angeles Unified School Dist.*, 238 Cal. App. 2d 905, 911 (1965).......................... 12

*U.S. v. Hays*, 515 U.S. 737 (1995)............................................................................................. 6

*United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374 (2003) ............................ 3

*United States v. Adair*, 723 F.2d 1394 (9th Cir. 1983)................................................................ 7

*Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*,

   454 U.S. 464 (1982).............................................................................................................. 7

*Worldwide Church of God v. McNair, et al.*, 805 F.2d 888 (9th Cir. 1986) ............................4, 5

*Younger v. Harris*, 401 U.S. 37 (1971)..................................................................................4, 7

**Statutes**

Cal. Gov. Code, § 945.4 ........................................................................................................... 12

Federal Rules of Civil Procedure

   §8. ........................................................................................................................................ 1

   §8 (a)..................................................................................................................................... 3

   §12(b)(1) ............................................................................................................................... 4

   §12(b)(6) ...........................................................................................................................1, 8

28 U.S.C. § 1983....................................................................................................................... 5

42 U.S.C. § 1983..................................................................................................................... 12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1

U.S. Const. Amend. XI...............................................................................................................4, 5

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1

**POINTS AND AUTHORITIES**

2

**I. INTRODUCTION**

3    Plaintiffs bring this action against moving parties the Honorable Warren Stracener,
4  judge of the Superior Court of California, County of El Dorado, the Honorable Thomas
5  Smith (Ret.), the Honorable David DeVore (Ret.), Freda Pechner, Judge Pro Tem, and
6  Jennifer Jimenez[2], courtroom clerk of the Superior Court of California, County of El Dorado
7  (hereinafter collectively referred to as "the Judicial Defendants.") While Plaintiffs'
8  complaint is not clear, it appears that the Judicial Defendants were involved with state court
9  actions referenced in Plaintiffs' complaint. Essentially, it seems that Plaintiffs disagree with
10  rulings by the Judicial Defendants, rendering this complaint a de-facto appeal of the state
11  court action(s). Plaintiffs' remedy is appeal or writ, not an action in Federal court which is
12  plainly a collateral attack on state court rulings.

13    Plaintiffs' complaint is difficult to understand and fails to set forth a "short and plain
14  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. As
15  discussed in detail below, Plaintiffs' complaint (Docket 1) must be dismissed pursuant to
16  Federal Rule of Civil Procedure Rule 12(b)(1) and Rule 12(b)(6) because this Court does not
17  have subject matter jurisdiction and the complaint does not state a claim upon which relief can
18  be granted. This Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman*
19  Doctrine, the Eleventh Amendment, and the *Younger* abstention doctrine. Additionally,
20  Plaintiffs lack standing to bring their claims.

21    Aside from the fatal jurisdictional defects, Plaintiffs' complaint must also be
22  dismissed because it does not state a claim for relief. All possible causes of action are
23  barred by the doctrine of absolute judicial and/or quasi-judicial immunity, which provides
24  immunity not just from damages, but provides immunity against suit. Further, to the
25  extent Plaintiffs' complaint can be construed to allege state law causes of action, those

26

27

28

[2] Ms. Jimenez was erroneously named in the complaint as 'Jennifer Heminez.'

1 | claims are barred due to Plaintiffs' failure to allege compliance with the California

2 | Government Claims Act. Plaintiffs cannot cure these defects by amending their pleadings

3 | and therefore the complaint should be dismissed without leave to amend.

4 | ## II. STATEMENT OF FACTS

5 | Plaintiffs' complaint arises from state court litigation related to the foreclosure of their

6 | residence. Plaintiffs allege that they filed a quiet title action in the Superior Court on

7 | December 13, 2016. Approximately one year later, Bank of New York Mellon filed an

8 | "eviction and possession action" in the Superior Court. Plaintiffs allege that during each case,

9 | new judges were appointed "replacing the different original judges in both removed cases with

10 | judge [sic] from other counties." (Complaint 14:8-15.)

11 | Plaintiffs allege that they have been denied access to the protection of law for almost

12 | six years. (Complaint 14:24.) They also allege that they have paid over $225,000 since July

13 | 2007 to in an attempt to have defendants "follow the law." (Complaint 15:10-12.)

14 | Plaintiffs construe their complaint as a "contract" with the United States and allege that

15 | the "contract" requires this Court to take certain action, including identifying "the federal

16 | statutes complied with by defendants," ordering an order to show cause "demanding

17 | defendants explain their actions," and "appointing a representative to speak for and bind

18 | defendants." They further allege that this Court is required to review all filed document and

19 | forward to the appropriate agencies "in context of RICO statutes recognizing civil rights

20 | violations..." (Complaint 15:18-16:18;17:3-11.)

21 | Plaintiffs allege four "statements of claim." In the first, they allege that they have been

22 | "denied access to and protection from proper application of the laws and Constitution of the

23 | United States by defendants acting in conspiracy." (Complaint 9:7-9.) Plaintiffs allege that

24 | defendants have "intentionally ignored and circumvented" the Due Process Clause of the

25 | United States Constitution, the Fair Debt Collection Practices Act, and the Truth in Lending

26 | Act, the Trust Indenture Act. (Complaint 9:15-28.)

27 | In the second statement of claim, Plaintiffs allege that they have been "denied

28 | protection of the law guaranteed in the California Constitution and statutes of California...and

1 statutes of the United States." (Complaint 10:2-5.) Plaintiffs allege that defendants did not

2 comply with existing laws and erred because Plaintiffs "never received a loan from anyone"

3 and "[t]here is no evidence of a contract on the record." (Complaint 11:7-8, 21-22.) Instead,

4 Plaintiffs assert that "the whole transaction [is] void and these defendants know it."

5 (Complaint 12:15-17.)

6 Plaintiffs allege in the third statement of claim that defendants "conspired to deny

7 plaintiffs access to simple due process." (Complaint 13:10.) Finally, in the fourth statement of

8 claim, Plaintiffs allege that defendants "conspired jointly and severally in the construction of

9 intentionally misleading records." (Complaint 13:22-23.)

10 Plaintiffs seek damages and an order quieting title to their residential real property

11 located in Shingle Springs, California. (Complaint 16:10-12, 19-20.)

12 **III. THE COMPLAINT FAILS TO MAKE A SHORT AND PLAIN STATEMENT**
    **THAT PLAINTIFFS ARE ENTITLED TO RELIEF**
13

14 A complaint must set forth a "short and plain" statement of a claim, demonstrating that

15 the plaintiff is entitled to relief. Fed. R. Civ. P. 8 (a). The complaint must allege facts to

16 provide fair notice to defendants of the claims alleged against them. *Alvarez v. Hill*, 518 F.3d

17 1152, 1157 (9th Cir. 2008). "Rule 8 (a) requires parties to make their pleadings

18 straightforward, so that judges and adverse parties not need to try to fish a gold coin from a

19 bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378

20 (2003).

21 Here, Plaintiffs' complaint lacks any substantive factual allegations regarding purported

22 actions by the Judicial Defendants, thereby failing to comply with the notice-pleading

23 requirements of Rule 8. This Court is not required to divine Plaintiffs' intent in evaluating the

24 complaint, which sets forth no basis for liability on the part of the Judicial Defendants. As set

25 forth below, Plaintiffs cannot amend their complaint to state any valid cause of action against

26 the Judicial Defendants and therefore amendment would be futile. *See Dumas v. Kipp*, 90 F.3d

27 386, 393 (9th Cir. 1996.) For these reasons, the complaint should be dismissed without leave to

28 amend.

1    **IV.   THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION**

2        A motion to dismiss is appropriate when the district court lacks subject matter

3 jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting subject matter jurisdiction has the

4 burden of proving that the court has jurisdiction over the claims. *Robinson v. United States,*

5 586 F.3d 683, 685 (9th Cir. 2009). This Court lacks subject matter jurisdiction here for at

6 least four reasons:

7        A. The *Rooker-Feldman* doctrine holds that a United States District Court, as a

8 court of original jurisdiction, has no authority to review final determinations of a state court

9 in judicial proceedings;

10        B. The Eleventh Amendment of the United States Constitution bars suits which

11 seek damages or injunctive relief against a state, an arm of the state, its instrumentalities, or

12 its agencies;

13        C. Plaintiffs lack standing to bring their claims, as there is no controversy between

14 Plaintiffs and the Judicial Defendants; and

15        D. The *Younger* abstention doctrine bars Plaintiffs' complaint to the extent the

16 matter is still proceeding in state court.

17        Without jurisdiction, this Court must dismiss Plaintiffs' complaint.

18      **A.   Plaintiffs' Complaint is Barred Under the *Rooker-Feldman* Doctrine**

19        While Plaintiffs' complaint is unclear, it appears to be based upon final determinations

20 in their underlying state-court matter and therefore they cannot obtain relief here. "The United

21 States District Court, as a court of original jurisdiction, has no authority to review the final

22 determinations of a state court in judicial proceedings." *Worldwide Church of God v. McNair,*

23 *et al.*, 805 F.2d 888, 890 (9th Cir. 1986). In other words, district courts "may not exercise

24 appellate jurisdiction over state courts[.]" *Id.*, (citing *Rooker v. Fidelity Trust Co.*, 263 U.S.

25 413, 415-16 (1923).) This rule applies "even when the challenge to the state court decision

26 involves federal constitutional issues." *McNair*, 805 F.2d at 891 (citing *District Court of*

27 *Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 484-86 (1983).) State courts are "as

28 competent as federal courts to decide federal constitutional issues" and "any other rule would

1  result in a waste of judicial resources and unnecessary friction between state and federal
2  courts." *McNair*, 805 F.2d at 891 (internal citations omitted).

3        To the extent Plaintiffs claim they are making constitutional claims, such constitutional
4  claims are "inextricably intertwined" with the state court's decision, so the district court does
5  not have jurisdiction. *McNair*, 805 F.2d at 891-92; *Feldman*, 460 U.S. at 482:  ("[i]f the
6  constitutional claims presented to a United States district court are inextricably intertwined
7  with the state court's denial in a judicial proceeding . . . then the district court is in essence
8  being called upon to review the state court decision".)  "A claim is inextricably intertwined
9  with a state court judgment if the federal claim succeeds only to the extent that the state court
10 wrongly decided the issues before it, or if the relief requested in the federal action would
11 effectively reverse the state court decision or void its ruling." *Fontana Empire Ctr., LLC v.
12 City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (internal markings omitted.)  In other
13 words, "the district court does not have jurisdiction if it cannot evaluate the constitutional claims
14 without conducting a review of the state court's legal determinations in a particular case."
15 *Lefcourt v. Superior Court*, 63 F.Supp.2d 1095, 1098 (N.D. Cal. 1999).

16       Plaintiffs allege that they have been denied access to and protection of California and
17 Federal law, presumably because, inter alia, their quiet title action and the Bank of New York
18 Mellon eviction action was not resolved in their favor.  (Complaint 9:7-9; 10:2-4; 14:8-11.)  In
19 order to grant Plaintiffs relief, this Court would need to review the Judicial Defendants'
20 various rulings in the state court actions, and find that the Judicial Defendants erred in making
21 those rulings.  This Court lacks subject matter jurisdiction to take such action due to *Rooker-*
22 *Feldman* and therefore this motion to dismiss must be granted without leave to amend.

23       **B.    The Eleventh Amendment Bars Plaintiffs' Complaint Against the Judicial**
             **Defendants**
24

25       The Eleventh Amendment to the United States Constitution states "[t]he judicial
26 power of the United States shall not be construed to extend to any suit in law or equity,
27 commenced or prosecuted against one of the United States by Citizens of another State, or
28 by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.

1  "The Eleventh Amendment bars suits which seek either damages or injunctive relief
2  against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v.*
3  *Schwartz,* 57 F.3d 828, 831 (9th Cir. 1995), citing *Durning v. Citibank, N.A.,* 950 F.2d 1419,
4  1422-23 (9th Cir. 1991). In other words, the Eleventh Amendment grants sovereign
5  immunity to states against suits filed in federal court. *See Regents of the University of*
6  *California, et al. v. Doe*, 519 U.S. 425, 429 (1997).

7  State courts are state entities for purposes of Eleventh Amendment immunity. *Greater*
8  *Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (1987) ("state case law
9  and constitutional provisions make clear that the Court is a State agency.") Further, "[t]he
10  Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial
11  party in interest.'" *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984)
12  (internal citations omitted). Consequently, the Eleventh Amendment precludes a district
13  court from asserting jurisdiction over claims against state officials sued in their official
14  capacities. *Leer v. Murphy*, 844 F.2d 628, 632 (9thCir. 1988).

15  Here, Plaintiffs named each Judicial Defendant in their "individual capacity, acting
16  under color of law" but it is plain that Plaintiffs named the Judicial Defendants as
17  defendants for purported actions arising out of their official capacity as judicial officers or
18  as a courtroom clerk. Additionally, Plaintiffs listed each Judicial Defendant's address as the
19  address of the Superior Court. Thus, in the present case, the Judicial Defendants are state
20  officials for purposes of the Eleventh Amendment and Plaintiffs' claims against them are
21  barred.

22  **C.  Plaintiffs Lack Article III Standing**

23  Article III standing is mandatory and not subject to waiver. *U.S. v. Hays*, 515 U.S. 737,
24  742 (1995). Article III standing requires: 1.) an actual or imminent injury in fact that is
25  concrete and particularized; 2.) a causal connection between the injury and the conduct
26  complained of; and 3.) redressability such that it is likely (as opposed to merely speculative)
27  that the injury will be redressed by a favorable decision. *Hays,* 515 U.S. 742-43. A party who
28  cannot meet the requirements of Article III standing may not litigate in federal court. *Valley*

6

*Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 475-476, (1982).

In the present action, there is no direct, "real and immediate" injury that Plaintiffs seek to redress. There is no legal controversy between the Judicial Defendants and Plaintiffs. Plaintiffs simply want this Court to declare, in general, that the Judicial Defendants made improper rulings in Plaintiffs' state-court case.

The Ninth Circuit has affirmatively stated, "Article III prevents federal courts from adjudicating claims when the parties lack the required adverse legal interests. *Suits against state judges who are adjudicating cases pursuant to state law raise serious questions about the existence of a justiciable controversy between the parties.*" *Grant v. Johnson*, 15 F.3d 146, 147 (9th Cir. 1994) (emphasis added). Here, there is no justiciable controversy between the Judicial Defendants and Plaintiffs because the relevant actions of Judicial Defendants took place while they presided over Plaintiffs' state court litigation. As a result, Plaintiffs lack standing, and their claims must be dismissed.

### D. Plaintiffs' Complaint Should Be Dismissed Based Upon the *Younger* Abstention Doctrine

It is the general rule that federal courts must abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Younger v. Harris* 401 U.S. 37, 40-41, n.2 (1971). Absent extraordinary circumstances, abstention in favor of state court proceedings is required if the state court proceedings: (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *Hirsh v. Justices of the Supreme Court of the State of California,* 67 F.3d 708, 712 (9th Cir. 1995). This is known as the *Younger* abstention doctrine.

When the *Younger* abstention doctrine applies, the complaint must be dismissed. *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973). Abstention is appropriate where a party seeks to invoke federal jurisdiction for the purpose of restraining state proceedings or invalidating a state law. *See United States v. Adair,* 723 F.2d 1394, 1402 n.5 (9th Cir. 1983). Plaintiffs allege

1  the existence of two state court actions, case numbers PCU20170277 and PC20160566[3]

2  (Complaint 10:7.) To the extent that the state court cases are still proceeding, this Court is

3  prevented from interceding pursuant to *Younger.*

4  **V.    ALL CAUSES OF ACTION ARE BARRED BY ABSOLUTE JUDICIAL**
      **AND/OR QUASI-JUDICIAL IMMUNITY**

5

6      Even if this Court had jurisdiction to hear Plaintiffs' complaint, it must be dismissed

7  because Plaintiffs fail to state a claim for relief.  A complaint can survive a Rule 12(b)(6)

8  motion to dismiss only if it contains "sufficient factual matter...to 'state a claim to relief that is

9  plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) citing *Bell v. Twombly,* 550

10 U.S. 544, 570 (2007).  Here, any possible cause of action by Plaintiffs against the Judicial

11 Defendants that relates to Plaintiffs' state-court action is barred by the doctrine of absolute

12 judicial and/or quasi-judicial immunity.

13     **A.    The Complaint is Barred by Absolute Judicial Immunity**

14     Judicial officers such as Judge Stracener, Judge Smith, Judge DeVore, and Judge

15 Pro Tem Pechner are entitled to unqualified immunity. The U.S. Supreme Court

16 established the rule that judges are immune from civil suits arising out of the exercise of

17 their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  Judicial immunity

18 provides not only immunity from the assessment of damages, but immunity from suit. *Id.*

19 Therefore, the complaint must be dismissed pursuant to Rule 12(b)(6).

20     "[I]t is a general principle of the highest importance to the proper administration of

21 justice that a judicial officer, in exercising the authority vested in him, shall be free to act

22 upon his own convictions, without apprehension of personal consequences to himself."

23 *Bradley v. Fisher*, 80 U.S. 335, 347 (1871).

24     The Court in *Stump v. Sparkman,* 435 U.S. 349, 362 (1978) stated that:

25         [T]he factors determining whether an act by a judge is a
          "judicial" one relate to the nature of the act itself, *i.e.*, whether it
26        is a function normally performed by a judge, and to the

27

28 [3] Plaintiffs do not state the status, titles, location of these actions.

1                       expectations of the parties, *i.e.*, whether they dealt with the
                    judge in his judicial capacity.

2

3           Each claim in Plaintiffs' complaint appears to relate only to Plaintiffs' state-court

4   litigation. Therefore, the only relevant conduct by the Judicial Defendants is conduct

5   which took place within Plaintiffs' underlying state-court proceeding. Plaintiffs

6   encountered the Judicial Defendants only in their official capacity as a judicial officers

7   within a courtroom, while presiding over the relevant proceedings. The Judicial

8   Defendants enjoy absolute judicial immunity for acts taken within their official capacities

9   and thus Plaintiffs cannot amend their complaint to state a cause of action against them.

10  Accordingly, the motion to dismiss must be granted without leave to amend.

11       **B.**    **Quasi-Judicial Immunity Bars Any Claim for Damages Against
           Ms. Jimenez**

12

13          The doctrine of absolute judicial immunity has been extended to court clerks

14  "when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S.*

15  *Bankruptcy Court for Dist. of Nevada,* 828 F.2d 1385, 1390 (1987). "[O]fficers of the

16  court…have absolute immunity in the performance of duties authorities by [] statute."

17  *Jones v. Nazaroff*, (E.D. Cal., July 17, 2015, No. 1:15-CV-00757-LJO) 2015 WL 4393061

18  at 6. Court clerks have "absolute immunity" from damages when they perform tasks that

19  are an integral part of the judicial process. *Sharma v. Stevas,* 790 F.2d 1486 (1986),

20  *Moore v. Brewster,* 96 F.3d 1240, 1244 (1996). Quasi-judicial immunity extends to bar

21  actions for damages based upon an alleged failure of ministerial duties which are part of a

22  judicial process. *Morrison v. Jones,* 607 F.2d 1269, 1273 (1979). The rationale for this

23  doctrine was explained by the court in *Darulis v. City of San Diego*:

24                    A court's inherent power to control its docket is part of its function
                 of resolving disputes between parties. This is a function for which

25                   judges and their supporting staff are afforded absolute immunity.
                 Immunity is afforded for activities, such as giving notice, that are

26                   inexorably connected with…and are analogous to judicial action
                 invoke absolute immunity…Thus, not only the actual decision…but

27                   also activities that are part and parcel of the decision process justify

28

1
2

       absolute immunity. The fact that the activity is routine or requires no
       adjudicatory skill renders that activity no less a judicial function.

3 *Darulis v. City of San Diego,* (S.D. Cal., Apr. 9, 2008, No. 07CV2170 LAB LSP) 2008 WL

4 1345984 at 2, internal quotations and citations omitted.

5      While Plaintiffs fail to allege any specific acts by Ms. Jimenez in the complaint, it is

6 plain their complaint is based upon Plaintiffs' state court litigation. Therefore, the doctrine of

7 quasi-judicial immunity bars any cause of action against Ms. Jimenez.

8 Plaintiffs cannot cure this defect by amendment and therefore, the motion to dismiss must be

9 granted.

10
11

## VI. PLAINTIFFS' COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

12      Even if this Court had jurisdiction to hear Plaintiffs' complaint and absolute judicial

13 and/or quasi-judicial immunity did not bar all causes of action against the Judicial Defendants,

14 the complaint must be dismissed because Plaintiff fails to state a claim for relief. A complaint

15 can survive a Rule 12(b)(6) motion to dismiss only if it contains "sufficient factual matter…to

16 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

17 (2009) citing *Bell v. Twombly,* 550 U.S. 544, 570 (2007). While a plaintiff need not make

18 detailed factual allegations, a plaintiff must provide the "grounds" of his "entitlement to relief"

19 by way of "more than labels and conclusions, and a formulaic recitation of the elements of a

20 cause of action will not do. Factual allegations must be enough to raise a right to relief above

21 the speculative level." *Jurin v. Google Inc.*, 768 F.Supp.2d 1064, 1069 (E.D. Cal. 2011)

22 (citations omitted.) The court is not required "to assume the truth of legal conclusions merely

23 because they are cast in the form of factual allegations." *Mohebbi v. Khazen*, 50 F.Supp.3d

24 1234, 1244 (2014) (citations omitted.)

25      Moreover, a plaintiff must plead claims that are not merely possible, but plausible. A

26 plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face. *Bell*

27 *Atlantic Corp.*, 550 U.S. at 570. In that case, the Supreme Court dismissed plaintiffs'

28

1    complaint because they had not "nudged their claims across the line from conceivable

2    to plausible." *Id.*

3          In *Ashcroft v. Iqubal,* the United State Supreme Court described the "plausibility"

4    requirement set forth in *Bell Atlantic* as follows:

5          To survive a motion to dismiss, a complaint must contain sufficient factual
          matter, accepted as true, to state a claim to relief that is plausible on its face.
6          A claim has facial plausibility when the plaintiff pleads factual content that
          allows the court to draw the reasonable inference that the defendant is liable
7          for the misconduct alleged.  The plausibility standard is not akin to a
          probability requirement, but it asks for more than a sheer possibility that a
8          defendant has acted unlawfully. Where a complaint pleads facts that are
          merely consistent with a defendant's liability, it stops short of the line between
9          possibility and plausibility of entitlement to relief.
10

11   *Ashcroft*, 556 U.S. at 678.  While a court generally accepts as true factual allegations

12   in a complaint, the Supreme Court noted, "we are not bound to accept as true a legal

13   conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678.

14         Here, Plaintiffs cannot state a claim for relief for two reasons: (1) Plaintiffs' state-

15   law claims are barred because they fail to allege compliance with the California

16   Government Claims Act; and (2) Plaintiffs fails to plead sufficient facts to support their

17   allegations.  Consequently, Plaintiffs fail to state any claim for relief and the complaint

18   must be dismissed.

19         A.    **Plaintiffs Failed to Comply with The Government Claims Act**

20         In their second statement of claim, Plaintiffs allege that they have been denied the

21   protections of California state law.  To the extent that Plaintiffs base this cause of action

22   upon state law, such claim is barred because Plaintiffs fail to allege compliance with the

23   California Government Claims Act (the Act).[4] Therefore, Plaintiffs cannot state a cause of

24   action for money damages against the Judicial Defendants for claims based upon state law.

25   _____

26   [4] Though the California statute was traditionally known as the Tort Claims Act, the Supreme
27   Court of California refers to title 1, division 3.6, parts 1 through 7 of the California
     Government Code (sections 810 et seq.) as the Government Claims Act.  *City of Stockton v.*
28   *Superior Court*, 42 Cal.4th 730, 741-742 (2007).

1  "[N]o suit for money or damages may be brought against a public entity . . . until a written

2  claim therefore has been presented to the public entity and has been acted upon . . . ." Cal.

3  Govt. Code § 945.4. "[A] plaintiff must allege facts demonstrating or excusing compliance

4  with the claim presentation requirement." *State of California v. Superior Court of Kings*

5  *County (Bodde)*, 32 Cal.4th 1234, 1243 (2004). "Otherwise, his complaint is subject to a

6  general demurrer for failure to state facts sufficient to constitute a cause of action." *Id.*

7  "Failure to comply with mandatory requirements is fatal to the cause of action." *Nguyen v.*

8  *Los Angeles County Harbor/UCLA Medical Center*, 8 Cal. App. 4th 729, 732 (1992); *Tietz v.*

9  *Los Angeles Unified School Dist.*, 238 Cal. App. 2d 905, 911 (1965). With exceptions not

10 relevant here, claims procedures that apply to public entities also apply to claims related to

11 acts allegedly committed by public employees in the scope of their employment. *Rogers v.*

12 *Centrone*, 261 Cal. App. 2d 361, 365 (1968).

13      Here, it is plain that all allegations related to the Judicial Defendants concern actions

14 taken by them within the scope of their judicial or courtroom duties in Plaintiffs' underlying

15 state cases. Therefore, Plaintiffs were required to present a claim to the appropriate entity in

16 order to pursue any state-law-based action for money damages against the Judicial

17 Defendants. Plaintiffs' failure to comply with the claims presentation requirements is fatal to

18 their state-law causes of action and, the motion to dismiss must be granted as to all state-law

19 claims.

20      **B.      Plaintiffs Fail to State a Cause of Action for Civil Rights Violations**

21      While Plaintiffs do not specifically state, it appears they seek damages based upon

22 purported civil rights violations. (ie, Complaint 9:7-9; 13:8-9, 22-23). To the extent Plaintiffs

23 allege causes of action pursuant to 42 U.S.C. § 1983, these causes of action must fail because

24 Plaintiffs fail to allege facts that link each Judicial Defendant to the alleged wrong. To state a

25 claim under 42 U.S.C. §1983, a plaintiff "must allege the violation of a right secured by the

26 Constitution and laws of the United States, and must show that the alleged deprivation was

27 committed by a person acting under color of state law." *Julian v. Mission Community*

28 *Hospital*, 11 Cal.App.5th 360, 384 (2017). "In order to state a claim for relief under section

12

1   1983 a plaintiff must link each named defendant with some affirmative act or omission that

2   demonstrates a violation of plaintiff's federal rights." *Thomas v. Hickman*, 2006 WL 2868967

3   1, 11 (E.D. Cal. 2006.) *See also Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson*

4   *v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). "A plaintiff must allege facts, not simply

5   conclusions that show an individual was personally involved in the deprivation of his civil

6   rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998.)

7        As to conspiracy causes of action, "a plaintiff must demonstrate the existence of an

8   agreement or meeting of the minds to violate constitutional rights...Such an agreement need not

9   be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the

10  defendants. To be liable each participant in the conspiracy need not know the exact details of

11  the plan, but each participant must at least share the common objective of the conspiracy."

12  *Crow v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (citations omitted.) The 9th

13  Circuit applies a heightened standard with respect to § 1983 conspiracy claims and bare

14  allegations that defendants conspired with one another are not sufficient to state a cause of

15  action. See, *Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997).

16       Here, Plaintiffs fail to allege facts showing the Judicial Defendants' personal

17  involvement in the constitutional deprivation or a causal connection between the Judicial

18  Defendants' alleged wrongful conduct and the alleged constitutional deprivation and therefore

19  the complaint must be dismissed. Nor can Plaintiffs amend their complaint to demonstrate such

20  facts, as all causes of action are barred against the Judicial Defendants as set forth above.

21  **VII.    CONCLUSION**

22       Plaintiffs fail to demonstrate a basis for subject matter jurisdiction, as this case is a

23  collateral attack on state court rulings and therefore barred by the *Rooker-Feldman* doctrine.

24  Additionally, this Court lacks subject matter jurisdiction due to the *Younger* Abstention

25  Doctrine and immunity conferred by the 11th Amendment. Additionally, judicial immunity

26  bars any action against Judge Stracener, Judge Smith, Judge DeVore, and Judge Pro Tem

27  Pechner, because all acts alleged took place while they presided over Plaintiffs' state-court

28  matter.  Similarly, quasi-judicial immunity bars any action against Superior Court clerk Ms.

1   Jimenez. Finally, Plaintiffs fail to allege sufficient facts to state any cause of action against

2   the Judicial Defendants. For these reasons, this Court should dismiss Plaintiffs' complaint

3   without leave to amend.

4

5   DATE: February 7, 2019              BOLD, POLISNER, MADDOW, NELSON & JUDSON

6

7                                      By: /s/ Sharon M. Nagle
                                              SHARON M. NAGLE
8
                                       Attorneys for the Judicial Defendants
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            14
                     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
                         MOTION TO DISMISS PLAINTIFFS' COMPLAINT