EDWARD C. DUCKERS (SBN 242113)
ed.duckers@stoel.com
STOEL RIVES LLP
Three Embarcadero Center, Suite 1120
San Francisco, CA 94111
Telephone: 415.617.8900
Facsimile: 415.617.8907

BRYAN L. HAWKINS (SB #238346)
bryan.hawkins@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700
Facsimile: 916.447.4781

Attorneys for Defendants
Thomas Woods and Stoel Rives, LLP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILFRED RAY AND DEBORAH ANN RAY,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE WARREN STRACENER<br>JUDGE FREDA PECHNER<br>JUDGE THOMAS SMITH<br>JUDGE DAVID DEVORE<br>JENNIFER HEMINEZ, SUPERIOR COURT CLERK<br>GARY DECKER, THE WOLF FIRM<br>PAVEL EKMEKCHYAN, YU MOHANDESI<br>DIANE CRAGG, SEVERSON & WERSON<br>THOMAS WOODS, STOEL RIVES, LLP,<br><br>Defendant. | Case No. 2:19-cv-0055-MCE-KJN<br><br>NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:   March 28, 2019<br>Time:  10:00 a.m.<br>Dept:   Courtroom 25 - 8th Floor<br>Judge: Hon. Kendall J. Newman |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................................... 5

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 6

I. INTRODUCTION ........................................................................................................ 6

II. ALLEGATIONS IN THE COMPLAINT ..................................................................... 7

III. PROCEDURAL HISTORY ........................................................................................... 8

    A. PLAINTIFFS' FIRST ACTION AGAINST LENDER DEFENDANTS ............... 8

    B. PLAINTIFFS' SECOND ACTION AGAINST LENDER DEFENDANTS ......... 8

    C. COMPLAINT FOR UNLAWFUL DETAINER AND PLAINTIFFS' IMPROPER REMOVAL ACTION .................................................................... 9

    D. THIS ACTION ....................................................................................................... 10

IV. LEGAL STANDARD .................................................................................................... 10

V. ARGUMENT .................................................................................................................. 11

    A. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED AS IMPROPERLY PLED ............................................................................................. 11

    B. PLAINTIFFS CANNOT STATE A CLAIM AGAINST STOEL RIVES ........... 12

        1) NO CAUSE OF ACTION AGAINST OPPOSING COUNSEL EXISTS UNDER STATE OR FEDERAL LAW ..................................... 12

        2) STOEL RIVES CANNOT BE LIABLE UNDER SECTION 1983 ......... 13

    C. ALL CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL, AND/OR THE ROOKER-FELDMAN DOCTRINE ........................................... 14

    D. ALL CLAIMS RELATED TO THE LOAN DOCUMENTS ARE BARRED BY JUDICIAL ESTOPPEL................................................................. 15

VI. CONCLUSION ............................................................................................................... 16

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFFS' COMPLAINT; MPA

-2-

2:19-CV-0055-MCE-KJN

100402889.1 0099805-00000

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................. 10, 11, 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................. 10, 11, 12

*Bragg v. Chavez*,
  No. CIV 07-0343 ................................................................................................................. 12

*Branson v. Mott*,
  62 F.3d 287 (9th Cir.), *cert. denied*, 516 U.S. 1009 (1995) ................................................ 14

*Crumpton v. Gates*,
  947 F.2d 1418 (9th Cir. 1991) ............................................................................................. 13

*Deborah Ann Ray and James Wilfred Ray v. Bank of New York Melon, et al.*,
  El Dorado County Superior Court, Case no. PC 20160566 ................................................. 9

*Deborah Ann Ray and James Wilfred Ray v. Select Portfolio Servicing, Inc., et al.*,
  El Dorado County Superior Court, Case No. 20130578 .................................................. 8, 15

*Dolinar v. Pedone*,
  63 Cal. App. 2d 169 (1944) ................................................................................................. 15

*Falcocchia v. Saxon Mortg., Inc.*,
  709 F. Supp. 2d 873 (E.D. Cal. 2010) ................................................................................. 15

*Forte v. Cty. of Merced*,
  No. 1:11-CV-00318-AWI, 2014 WL 4745923 (E.D. Cal. Sept. 23, 2014) ......................... 12

*Guarino v. Larsen*,
  11 F.3d 1151 (3d Cir. 1993) ................................................................................................. 14

*Heater v. Southwood Psychiatric Center*
  (1996) 42 Cal.App.4th 1068 ................................................................................................ 15

*Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit*,
  453 F.3d 1160 (9th Cir. 2006) ............................................................................................. 14

*Indus. Prof'l & Tech. Workers Int'l Union, SIUNA AFL-CIO v. Worldtec Grp. Int'l*,
  25 F. App'x 525 (9th Cir. 2001) .......................................................................................... 15

*Ivy Club v. Edwards*,
  943 F.2d 270 (3d Cir. 1991), *cert. denied sub nom. Del Tufo v. Ivy Club*, 503
  U.S. 914 (1992) ...................................................................................................................14

*Kirtley v. Rainey*,
  326 F.3d 1088 (9th Cir. 2003.) ...........................................................................................13

*Lara v. Aurora Loan Servs. LLC*,
  No. 12CV904-GPC BLM, 2013 WL 1628955, at *4 (S.D. Cal. Apr. 16, 2013) .................11

*Miller v. Stonehenge/Fasa–Texas, JDC, L.P.*,
  993 F.Supp. 461 (N.D. Tex. 1998) .....................................................................................12

*Pollock v. Superior Court*,
  229 Cal. App. 3d 26 (Ct. App. 1991) ..................................................................................13

*Quin* v. *Cnty. of Kauai Dep't of Transp.*,
  733 F.3d 267 (9th Cir. 2013) ........................................................................................15, 16

**Statutes**

42 U.S.C. section 1983 ..............................................................................................7, 13, 14

Cal. Bus. & Prof. Code § 17200 ................................................................................................8

Civil Code section 47, subdivision (b) ....................................................................................13

**Rules**

Fed. R. Civ. P. 8 ..............................................................................................................7, 11, 12

Fed. R. Civ. P. 8(a), (d)(1) ......................................................................................................11

Fed. R. Civ. P. 11 ...............................................................................................................12, 13

Fed. R. Civ. P. 12(b)(6) .....................................................................................................10, 11

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFFS' COMPLAINT; MPA    -4-    2:19-CV-0055-MCE-KJN

100402889.1 0099805-00000

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on March 28, 2019 at 10:00 a.m. or as soon thereafter as the matter may be heard before Magistrate Judge Kendall J. Newman in Courtroom 25 of the United States District Court for the Eastern District of California, located at 501 I Street, 8th Floor, Sacramento, California, 95814, Defendants Thomas Woods and Stoel Rives, LLP will and hereby do move this Court for an order dismissing the Complaint filed by Plaintiffs James Wilfred Ray and Deborah Ann Ray ("Plaintiffs") on January 8, 2019.

Defendant's Motion To Dismiss is made pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Complaint, any reply memorandum, the pleading and files in this action, and such other matters as may be presented at or before the hearing.

DATED:  February 22, 2019

                                        STOEL RIVES LLP

                                        By:/s/Bryan L. Hawkins
                                            EDWARD C. DUCKERS
                                            BRYAN L. HAWKINS
                                            Attorneys for Defendants
                                            Thomas Woods and Stoel Rives, LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Since 2013, Plaintiffs Deborah Ann Ray and James Wilfred Ray ("Plaintiffs") have been filing baseless lawsuits against their mortgage lender and loan servicers seeking to stop the foreclosure of their (former) property located at 3190 Carlson Drive, Shingle Springs, CA (the "Property"). Although the Complaint only discloses the case numbers for two such actions,[1] Plaintiffs have raised claims related to the mortgage on the Property in at least three actions since 2013: two actions filed by Plaintiffs, as well as an Unlawful Detainer action from 2017 that Plaintiffs continue to fight. After having their second state court suit dismissed in July 2018, Plaintiffs have now decided to sue the state court judges involved in the first and second actions, as well as the attorneys representing the defendants in those action, including Thomas Woods and his firm Stoel Rives LLP (collectively, "Stoel Rives"). In the 2016 action brought by Plaintiffs, Stoel Rives represented the owner and holder of Plaintiffs' mortgage, The Bank of New York Mellon FKA the Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OH2, Mortgage Pass-Through Certificate, Series 2007-OH2 (the "Trust"), as well as agents acting on behalf of the Trust, Select Portfolio Servicing, Inc.("SPS"), Mortgage Electronic Registration Systems, Inc., and National Default Servicing Corporation (collectively "the Lender Defendants").[2]

The California courts have twice entered Judgments dismissing Plaintiffs' prior actions with prejudice. There is simply no merit to Plaintiffs' allegation in the Complaint that "Plaintiffs never received a loan from any one." Dkt. 1 (Complaint) at 11, ll. 7-8. On the contrary, California courts have twice found that Plaintiffs' mortgage loan was valid, and thus the Trust properly foreclosed on the loan in 2016. Despite these prior Judgments and the foreclosure sale, Plaintiffs filed the current action raising the same issues and this time suing the lawyers and

---

[1] *See* Dkt. 1, (Complaint) at 9, ll. 11 (including case nos. "PCU20170277" and "PC20160566" but failing to mention the 2013 action, Case No. 20130578).

[2] Two of these Lender Defendants, the Trust and SPS, were also named in Plaintiffs' 2013 case and were represented by Stoel Rives in that action. *See* Request for Judicial Notice in support of this motion ("RJN"), filed herewith, Exs. A & B. Stoel Rives has not participated in the 2017 Unlawful Detainer action.

judicial officers involved in the state court actions in what purports to be a Section 1983 "complaint for violation of civil rights." *See* Dkt. 1 (Complaint Caption).  But Stoel Rives is a private actor, so none of Plaintiffs' "under color of law" theories apply, and even if they did, under both federal and state law, there is no cause of action against opposing counsel.  Additionally, all claims in the Complaint should be dismissed because they are vague, unsupported, and cannot meet the plausibility pleading standard in Rule 8.  Further, Plaintiffs' claims are barred by collateral estoppel, the *Rooker-Feldman* doctrine, and judicial estoppel.  For each and all of these reasons, all claims against Stoel Rives should be dismissed, with prejudice.

## II.  ALLEGATIONS IN THE COMPLAINT

The Complaint does not disclose any allegations specific to Stoel Rives.  "Stoel Rives" and "Thomas Woods" are each mentioned only once in the Complaint, on page 5, where their contact information is provided, along with the following statement:

> Job or Title: Lawyer
>
> Individual Capacity, Acting Under Color of Law
>
> Thomas A. Woods (210050), Stoel Rives LLP

Dkt. 1 (Complaint) at 5, ll. 17-27.  Stoel Rives construes these statements as an allegation that it was "acting under color of law" when representing the Lender Defendants (all private parties) in prior actions filed by the Plaintiffs.

The Complaint appears to list four separate causes of action, but it is difficult to ascertain what claims are pled and which parties are subject to which claims.  In general, with respect to the private attorney defendants, such as Stoel Rives, the Complaint seems to allege that these attorneys "breach[ed] . . . their professional duties, licensed duties and obligations, [and acted] incompetent[ly] as court officers, in breach of oath and fidelity to the State of California" *See* Dkt. 1 (Complaint) at 8, ¶7; *see also id.* ¶2 (listing the "Duties of Attorney" under the California Business and Professions Code).  Against the government defendants, the Complaint appears to allege claims for violation of civil rights under Section 1983, based primarily on the fact that the government defendants decided against them in prior suits.  *See generally id.*

## III. PROCEDURAL HISTORY

### A. PLAINTIFFS' FIRST ACTION AGAINST LENDER DEFENDANTS

On November 15, 2013, Plaintiffs filed a Complaint in the matter styled as *Deborah Ann Ray and James Wilfred Ray v. Select Portfolio Servicing, Inc., et al.*, El Dorado County Superior Court, Case No. 20130578 (the "First Action"). RJN, at Ex. A. Plaintiffs' Complaint alleged that on May 18, 2007, they received a loan in the amount of $670,000.00 from American Finance Corporation secured by a Deed of Trust ("DOT") on the Property. RJN, at Ex. A, at ¶ 10. The DOT identifies Plaintiffs as the "Borrower," and MERS as the "Beneficiary." RJN, at Ex. A, at ¶ 11. On June 24, 2011, an Assignment of Deed of Trust ("ADOT") was recorded, wherein MERS assigned the DOT to the Trust. RJN, at Ex. A at ¶ 49.

Based on these facts, Plaintiffs alleged causes of action for cancellation of instruments, violation of the California Homeowners' Bill of Rights ("HBOR"), violation of California Business and Professions Code section 17200, wrongful foreclosure, and quiet title. The principal thrust of the Complaint was that the Trust lacked standing to foreclose under the DOT because the ADOT was invalid, certain foreclosure notices were "robo-signed" and because Plaintiffs' loan and DOT were securitized into a trust after the lawful closing date set forth in the respective pooling and servicing agreement. *See* RJN, at Ex. A at ¶¶ 44-69.

The Court subsequently sustained Defendants' various demurrers to Plaintiffs' Complaint and First Amended Complaint. *See* RJN, Ex. C. On March 11, 2016, the Court issued a 27-page Order sustaining Defendants' demurrer to Plaintiffs' Second Amended Complaint ("SAC") in its entirety, without leave to amend. RJN, Ex. C. In this Order, the Court held, as relevant here, that Plaintiffs' claims of forgery, robo-signing, and lack of authority were unsupported and did not state any cause of action, and that Plaintiffs' claims failed due to a failure to tender the amounts due. *Id.*

On November 15, 2016, the Property was sold at properly noticed non-judicial foreclosure sale. RJN, Ex. I (Trustee's Deed Upon Sale attached to Notice of Removal).

### B. PLAINTIFFS' SECOND ACTION AGAINST LENDER DEFENDANTS

One month after the foreclosure sale, on December 13, 2016, Plaintiffs filed a Complaint

in the matter styled as *Deborah Ann Ray and James Wilfred Ray v. Bank of New York Melon, et al.*, El Dorado County Superior Court, Case no. PC 20160566[3] (the "Second Action").  RJN, Ex. E.  In the Second Action, Plaintiffs alleged claims for "Cancellation," Quiet Title, and Declaratory Judgment.  *Id.*  As in this case, Plaintiffs did not state their claims with clarity, and it was difficult to understand the vague allegations in the pro se Complaint.  *See id.*  The only allegations/contentions that could be gleaned from the Complaint are the following:

- Plaintiffs were again challenging the Trust's interest in the Property (*id.,* p. 4:22-25); and
- Plaintiffs alleged that they properly rescinded the Note (*id.,* pp. 4:27-5:3).

On September 11, 2017, Stoel Rives substituted out as counsel of the Lender Defendants and another firm and co-Defendant in this case, Yu Mohandesi, LLP, began representing the Trust and SPS in the Second Action.  RJN, Ex. F.

After sustaining demurrers to the Plaintiffs' first two complaints, on May 30, 2018, SPS and the Trust, through their new counsel, filed a demurrer to the Second Amended Complaint.  RJN, Ex. H.  On July 24, 2018, the Court granted the defendants' demurrer to Plaintiffs' Second Amended Complaint, without leave to amend.  RJN, Ex. H.  In particular, the Court found that Plaintiffs claims were time barred, insufficiently pled, and that res judicata and/or collateral estoppel barred all claims arising from "conduct and omissions" of the Trust and SPS, which Plaintiffs alleged "caused damage . . . entitl[ing them] to quiet title to the same real property confirming they owned the real property."  *See id.* at 30-33.

On July 26, 2018, the Court entered Judgment against Plaintiffs and in favor of the Lender Defendants.  RJN, Ex. I.

C.  <u>COMPLAINT FOR UNLAWFUL DETAINER AND PLAINTIFFS' IMPROPER REMOVAL ACTION</u>

As Plaintiffs unlawfully remained in the Property after the 2016 foreclosure sale, on December 13, 2016, the Trust filed an unlawful detainer action under El Dorado County Superior

---

[3] This case number was identified in the Complaint.  *See* Dkt. 1 at. 9, ll. 11.  Plaintiffs claim "[t]here are no documents filed on record by defendants [in the case]. . . identifying, recognizing, applying, or executing the following law: [statutes listed]."  Essentially, this appears to be an allegation that the case was wrongly decided by the Judicial Defendants and somehow improperly litigated by all Defendants.

Court Case No. PC 20160566 [4] (the "Third Action"). RJN, Ex. J at 4-8. Despite two prior cases affirming the Trust's interest in the Property, Plaintiffs have been actively fighting their removal from the Property. On January 9, 2019, Plaintiffs filed a notice of removal in the United States Eastern District of California, Case No. 2:19-cv-00063, attempting to remove the Third Action to federal court. RJN, Ex. J. On January 11, 2019, this Court issued an order remanding the Third Action back to El Dorado County Superior Court. RJN, Ex. K. Upon information and belief, the Third Action is still pending or was very recently dismissed. Stoel Rives has not been involved in representing any parties in the Third Action.

### D. THIS ACTION

Plaintiffs filed the Complaint in this case on January 8, 2019. Dkt. 1. The Judicial Defendants filed a Motion to Dismiss on February 7, 2019, which remains pending. Dkt. 6.

## IV. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) directs dismissal of any complaint that fails to "state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Although the Court may accept well-pleaded facts in the Complaint as true, bald assertions and legal conclusions are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial

---

[4] This case number was also identified in the Complaint. *See* Dkt. 1 at 9, ll. 11. As with the Second Action, Plaintiffs claim "[t]here are no documents filed on record by defendants [in the case]. . . identifying, recognizing, applying, or executing the following law: [statutes listed]." As stated in *supra* note 3, Stoel Rives construes this as an allegation that the case was wrongly decided by the Judicial Defendants and somehow improperly litigated by all Defendants.

1  experience and common sense." *Id.* at 679.

2  **V.    ARGUMENT**

3  All claims in the Complaint against Stoel Rives should be dismissed with prejudice because (1) the Complaint fails to meet Rule 8's pleading requirements, (2) Stoel Rives is a private actor, not acting "under color of law," and cannot be held liable to Plaintiffs for its actions as opposing counsel, (3) Plaintiffs' claims are barred by collateral estoppel, and /or the *Rooker-Feldman* doctrine, and (4) Plaintiffs' claims are barred by their prior judicial admissions.

### A.    Plaintiffs' Complaint Should be Dismissed As Improperly Pled.

The Complaint violates Rule 8 because it does not include a "short and plain statement" of the causes of action, nor does it set forth allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a), (d)(1).  Further, Plaintiffs' Complaint should be dismissed because it falls well short of the pleading standards required under the United States Supreme Court's decisions in *Twombly* and *Iqbal*.  Under those cases, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion to dismiss. *Iqbal*, 129 S. Ct. at 1949 (2009) (quoting *Twombly*, 550 U.S. at 547).  "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.  A claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Id*. at 570; *Iqbal*, 127 S. Ct. at 1974.[5]

"Confusing complaints such as the one Plaintiff filed in this case impose unfair burdens on litigants and the Court." *Lara v. Aurora Loan Servs. LLC*, No. 12CV904-GPC BLM, 2013 WL 1628955, at *4 (S.D. Cal. Apr. 16, 2013).  Where a Plaintiff files a "lengthy, confusing,

---

[5] Although a court must accept all well-pled facts as true and must draw all reasonable inferences in favor of the plaintiff, a court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S. Ct. at 1949–50.

meandering pleading that largely fails to provide the individual Defendants with notice of the nature and extent of Plaintiff's claim," then the pleading should be dismissed under Rule 8 *Id.* (dismissing case and characterizing complaint as "exactly the type of pleading which Rule 8 endeavors to prohibit in federal cases"). While a court gives pro se litigants special consideration, pro se filings do not serve as an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already over-loaded court dockets. *Forte v. Cty. of Merced*, No. 1:11-CV-00318-AWI, 2014 WL 4745923, at *10 (E.D. Cal. Sept. 23, 2014).

In this case, Plaintiffs' Complaint is a confusing and meandering document, a model example of what *not* to do under *Twombly* and *Iqbal*. It mentions Stoel Rives LLP and Thomas Woods just one time each, and the Complaint is completely devoid of any factual content that could lead to a plausible cause of action against either of these named defendants. Indeed, Plaintiffs lump Stoel Rives in with the rest of a group broadly labeled as "Defendants" without *any* attempt to identify specific claims against either based on individualized conduct, and it's unclear which, if any, claims apply to Stoel Rives, or why Plaintiffs assert that Stoel Rives acted under color of law. *See* Dkt. 1 (Complaint) at 5, ll. 17-27. Thus, all claims against Stoel Rives should be dismissed for failure to meet Rule 8's pleading requirements.

**B.   Plaintiffs Cannot State a Claim Against Stoel Rives.**

**1)   No Cause of Action Against Opposing Counsel Exists Under State or Federal Law.**

Plaintiffs have no cause of action against Stoel Rives as opposing counsel in past cases. Federal courts that have addressed the issue of when Plaintiffs can sue opposing counsel have concluded that, "as a general rule, a party may not sue opposing counsel under any theory of recovery for 'acts or omissions undertaken as part of the discharge of their duties as attorneys to opposing parties in the same lawsuit." *Bragg v. Chavez*, No. CIV 07-0343 JB/WDS, 2007 WL 5232464, at *26 (D.N.M. Aug. 2, 2007) (quoting *Miller v. Stonehenge/Fasa–Texas, JDC, L.P.*, 993 F.Supp. 461, 464 (N.D. Tex. 1998)). As many courts have held, if a party believes opposing counsel has violated some duty or ethical rule "rule 11 provides the appropriate remedial

mechanism for sanctions," *id.*; bringing a separate suit against opposing counsel is not the remedy. *See, e.g., Pollock v. Superior Court,* 229 Cal. App. 3d 26, 29 (Ct. App. 1991) (holding that "[u]nder no stretch of the imagination do [an aggrieved party's] remedies include an independent action in contract or tort against opposing counsel"). As the California Court of Appeals has explained, no attorney (whether pro se or admitted to the bar) has a cause of action against another attorney:

> Simply put, the public policy of this state is not served by permitting attorneys to sue one another for omissions or representations made as officers of the court during the course of litigation. This policy is reflected in Civil Code section 47, subdivision (b), which recognizes a "privilege [ ] to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.". . . Attorneys have a relatively swift mechanism for redressing careless, slick, underhanded, or tacky conduct: court-imposed sanctions. Once imposed, sanctions may be reviewed by an appellate court. They may not, however, be tried de novo under the guise of a breach of contract or tort action. Silverstein's complaint represents an intolerable attempt to end-run and abuse the judicial system and could lead to a geometric proliferation of litigation, if such actions were allowed to proceed. ***There is no support in law or logic to condone the initiation of such viruses into the legal system.***

*Pollock*, 229 Cal. App. 3d at 29–30 (emphasis added). In sum, federal and state case law makes clear that Plaintiffs cannot bring an action against Stoel Rives, based on its conduct as opposing counsel in past cases.

### 2) Stoel Rives Cannot Be Liable Under Section 1983.

Plaintiff's Complaint appears to raise causes of action alleging a violation of 42 U.S.C. section 1983. To establish a Section 1983 claim, Plaintiff must plead: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To the extent all claims in the Complaint are based on Section 1983, they fail for multiple independent reasons. First and foremost, an action under Section 1983 does not lie against a private party. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003.) As Stoel Rives is a private party and is not alleged to have (and does not have) any relationship with the government, the claim must be dismissed. Second, Plaintiff has failed to identify the federal laws

forming the basis for his Section 1983 claim or any facts evidencing any violation of any Federal law. For these reasons, all of the claims against Stoel Rives fail.

### C. All Claims are Barred by Collateral Estoppel, and/or the *Rooker-Feldman* Doctrine.

"Federal district courts have no authority to review the final determinations of a state court in judicial proceedings...even when the challenge to a state court decision involves federal constitutional issues." *Branson v. Mott*, 62 F.3d 287, 291 (9th Cir.), *cert. denied*, 516 U.S. 1009 (1995). "This legal theory, commonly referred to as the Rooker-Feldman doctrine, precludes federal adjudication of a claim that 'amounts to nothing more than an impermissible collateral attack on prior state court decisions.'" *Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006) (citation omitted). A federal District Court lacks subject matter jurisdiction over a complaint seeking to challenge a state court's prior decision. *Id.* at 1166; *Branson*, 62 F.3d at 291.

In force and effect, the *Rooker-Feldman* doctrine is equivalent to the doctrines of *res judicata* and collateral estoppel. *See Guarino v. Larsen*, 11 F.3d 1151, 1157 (3d Cir. 1993) ("Like claim preclusion, Rooker-Feldman is partly concerned with finality.... Once litigants' claims have been adjudicated in the state court system, they should not also have access to the entire federal court system."); *Ivy Club v. Edwards*, 943 F.2d 270, 292 (3d Cir. 1991) (doctrine "has much the same effect as claim and issue preclusion"), *cert. denied sub nom. Del Tufo v. Ivy Club*, 503 U.S. 914 (1992).

"Under the doctrine of collateral estoppel, a court's decision on an issue of fact or law necessary to its judgment precludes relitigation of that issue in different causes of action filed against the same party. Federal law governs the collateral estoppel effect of a case decided by a federal court. Collateral estoppel applies only where it is established that (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first

proceeding." *Indus. Prof'l & Tech. Workers Int'l Union, SIUNA AFL-CIO v. Worldtec Grp. Int'l*, 25 F. App'x 525, 526-27 (9th Cir. 2001) (citations omitted).

Plaintiffs' claims that the underlying mortgage on the Property is somehow invalid[6] are barred by the doctrines of *res judicata* and *Rooker-Feldman* as the California state courts have twice validated the loan documents at issue here, and rejected Plaintiffs challenges to the same. RJN, Exs. C, H. Specifically, in the First Action, Plaintiffs raised claims relating to the validity of the loan documents, including allegations of forgery, robo-signing, and lack of authority of the Trust to foreclose under the mortgage. The Court held that these claims were unsupported and did not state any cause of action, even after three attempts to plead them. In the Second Action, Plaintiffs again claimed the mortgage loan documents were invalid and that the Trust did not have an interest in the Property under the loan. Again, after three attempts to plead, the Court rejected Plaintiffs' complaint for failure to state a claim.

### D. All Claims Related to the Loan Documents are Barred by Judicial Estoppel

Plaintiffs' allegations in the First Action constitute judicial admissions that Plaintiffs signed the loan documents at issue and received the loan. *Falcocchia v. Saxon Mortg., Inc.,* 709 F. Supp. 2d 873, 887 (E.D. Cal. 2010); *see Dolinar v. Pedone* , 63 Cal. App. 2d 169, 176 (1944) ("It may be stated as a general rule that a pleading containing an admission is admissible against the pleader in a proceeding subsequent to the one in which the pleading is filed."). Admissions in a Plaintiff's pleadings are admissible, are treated as "judicial admissions," and cannot be controverted by the pleader. *Heater v. Southwood Psychiatric Center* (1996) 42 Cal.App.4th 1068, 1079 fn.10.

Plaintiffs should be judicially estopped from asserting their inconsistent claim in this case. *Quin* v. *Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270-71 (9th Cir. 2013). Plaintiffs' new position that they "never received a loan from anyone" and never signed loan documents, *see supra* note 5, is *directly inconsistent* with statements made in the First Action Complaint,

---

[6] *See, e.g.,* Dkt 1(Complaint) at 11, ll. 7-8 (alleging that "Plaintiffs never received a loan from any one"); *id.* at 11, ll. 24-45 (alleging there are no loan documents with valid signatures); *id.* at 12, ll. 8 (alleging there is "no proof of value given" in exchange for the loan).

specifically, Plaintiffs stated there that:

> On or around May 18, 2007, Plaintiffs met with an Agent of American Financing Corporation and ***executed*** a promissory note ("Note") in the amount of $670,000 in favor of American Finance Corporation. The Note is secured by a deed of trust ("DOT") (Note and DOT collectively, the "Loan") for the finance of Plaintiffs' Home

RJN, Ex. A at ¶10.  Although courts "do not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel," Plaintiffs' allegations satisfy those non-exhaustive factors typically considered by courts judicially estopping inconsistent claims. *Quin*, 733 F.3d at 270.  Judicial estoppel, thus, is another reason to dismiss Plaintiffs' claims related to their mortgage documents.

## VI.     CONCLUSION

For each of the foregoing reasons, Stoel Rives respectfully requests the Court grant the motion to dismiss and dismiss the entire case without leave to amend.

DATED:  February 22, 2019

                                        STOEL RIVES LLP


                                        By:/s/Bryan L. Hawkins
                                            EDWARD C. DUCKERS
                                            BRYAN L. HAWKINS
                                            Attorneys for Defendants
                                            Thomas Woods and Stoel Rives, LLP

**DECLARATION OF SERVICE**

I declare that I am over the age of eighteen years and not a party to this action. I am employed in the City and County of San Francisco and my business address is Three Embarcadero Center, Suite 1120, San Francisco, California 94111.

On February 22, 2019, at San Francisco, California, I served the attached document(s):

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

on the following parties:

> James Wilfred Ray                                     *Plaintiffs*
> Deborah Ann Ray
> 3190 Carlson Dr.
> Shingle Springs, CA 95682

[x] **BY FIRST CLASS MAIL:** I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the U.S. Postal Service. In the ordinary course of business, correspondence would be deposited with the U.S. Postal Service on the day on which it is collected. On the date written above, following ordinary business practices, I placed for collection and mailing at the offices of Stoel Rives LLP, Three Embarcadero Center, Suite 1120, San Francisco, California 94111, a copy of the attached document in a sealed envelope, with postage fully prepaid, addressed as shown on the service list. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in this declaration.

[ ] **BY HAND DELIVERY:** On the date written above, I placed a copy of the attached document in a sealed envelope, with delivery fees paid or provided for, and arranged for it to be delivered by messenger that same day to the office of the addressee, as shown on the service list.

[ ] **BY EMAIL:** On the date written above, I emailed a copy of the attached documents to the addressee, as shown on the service list.

[ ] **BY OVERNIGHT MAIL:** I am readily familiar with my employer's practice for the collection and processing of correspondence for overnight delivery. In the ordinary course of business, correspondence would be deposited in a box or other facility regularly maintained by the express service carrier or delivered to it by the carrier's authorized courier on the day on which it is collected. On the date written above, following ordinary business practices, I placed for collection and overnight delivery at the offices of Stoel Rives LLP, Three Embarcadero Center, Suite 1120, San Francisco, California 94111, a copy of the attached document in a sealed envelope, with delivery fees prepaid or provided for, addressed as shown on the service list.

[x] **(Federal Courts Only)** I declare that I am employed in the office of a member of this court at whose direction this service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on February 22, 2019, at San Francisco, California.

_____
Sharon R. Witkin