UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILFRED RAY & DEBORAH ANN RAY,<br><br>Plaintiffs,<br><br>v.<br><br>WARREN STRACENER, et al.,<br><br>Defendants. | No. 2:19-cv-55-MCE-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS |

Pending before the court is a motion to dismiss filed by various named judicial defendants (four state court judges and a state court courtroom clerk), which is presently set for hearing on March 21, 2019. (ECF No. 6.) Plaintiffs failed to oppose the motion in accordance with Local Rule 230(c). For the reasons discussed below, the court recommends that the motion be GRANTED.[1]

Plaintiffs' complaint is vague and rambling, but alleges the existence of at least two state court actions involving the foreclosure of plaintiffs' real property located in Shingle Springs, California (a quiet title action commenced by plaintiffs and a subsequent eviction/unlawful

---

[1] The court finds the motion appropriate for resolution without oral argument on the record and written briefing pursuant to Local Rule 230(g). Accordingly, the March 21, 2019 hearing is VACATED.

1

detainer action). Plaintiffs allege that during each case, new judges were appointed replacing the original judges with judges from other counties. Although containing no further specific factual allegations against the state court judges (Stracener, Pechner, Smith, and DeVore) and the courtroom clerk (Jimenez), the complaint, liberally construed, suggests purported claims under 42 U.S.C. § 1983 that the judicial officers violated plaintiffs' constitutional due process and other civil rights in the course of the state court proceedings. Plaintiffs request, *inter alia*, an order from this court quieting title to the subject property in Shingle Springs, California.

As an initial matter, the court lacks subject matter jurisdiction over plaintiffs' claims, because such claims are barred by the Rooker-Feldman doctrine. As the Ninth Circuit Court of Appeals explained:

> The *Rooker-Feldman* doctrine recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments. The doctrine also precludes a federal district court from exercising jurisdiction over general constitutional challenges that are "inextricably intertwined" with claims asserted in state court. A claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it or if the relief requested in the federal action would effectively reverse the state court decision or void its ruling. The only court with jurisdiction to review challenges to the constitutionality of such judgments is the United States Supreme Court.

Fontana Empire Center, LLC v. City of Fontana, 307 F.3d 987, 992 (9th Cir. 2002) (internal citations and quotation marks omitted). Here, plaintiffs' federal claims are inextricably intertwined with the state court judgments, because they would succeed only if this court were to find that the state court wrongly decided the quiet title and eviction/unlawful detainer actions. Additionally, plaintiffs explicitly seek an order quieting title to the property in their favor, which would reverse the state court decisions.

Moreover, even if the court did not lack subject matter jurisdiction, plaintiffs' claims against the state court judges are barred by absolute judicial immunity, because such claims arise from those defendants' actions in their judicial capacity. See Mireles v. Waco, 502 U.S. 9 (1991). Additionally, plaintiffs' claims against the courtroom clerk (Jimenez) are barred by absolute quasi-judicial immunity, because such claims arise from plaintiffs' interactions with Jimenez as

part of the judicial process.  Mullis v. U.S. Bankruptcy Court for the District of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987).

Although the court ordinarily liberally grants leave to amend, especially to *pro se* litigants, if it appears possible that pleading deficiencies could be cured by amendment, the deficiencies at issue here cannot be corrected by improved pleading or allegations of additional facts.  As such, leave to amend would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The judicial defendants' motion to dismiss (ECF No. 6) be GRANTED.
2. Plaintiffs' claims against defendants Stracener, Pechner, Smith, DeVore, and Jimenez be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: March 13, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE