UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILFRED RAY & DEBORAH ANN RAY,<br><br>Plaintiffs,<br><br>v.<br><br>WARREN STRACENER, et al.,<br><br>Defendants. | No. 2:19-cv-55-MCE-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS |

Pending before the court is a motion to dismiss filed by defendants Stoel Rives, LLP and Thomas Woods, which is presently set for hearing on March 28, 2019. (ECF No. 7.) Plaintiffs failed to oppose the motion in accordance with Local Rule 230(c). For the reasons discussed below, the court recommends that the motion be GRANTED and that the entire case be DISMISSED WITH PREJUDICE.[1]

Plaintiffs' complaint is vague and rambling, and contains little in the form of specific allegations against individual defendants. Liberally construed, the complaint appears to assert violations of various civil and/or constitutional rights under 42 U.S.C. § 1983 against law firms,

---

[1] The court finds the motion appropriate for resolution without oral argument on the record and written briefing pursuant to Local Rule 230(g). Accordingly, the March 28, 2019 hearing is VACATED.

1

attorneys, and judicial officers based on their roles in state court cases involving foreclosure of plaintiffs' property located in Shingle Springs, California. (See generally, ECF No. 1.) The court has already issued findings and recommendations recommending dismissal of the judicial defendants on March 14, 2019. (ECF No. 8.)

A request for judicial notice filed by defendants Stoel Rives, LLP and Thomas Woods sheds some further light on the events leading to the instant case.[2] On November 5, 2013, plaintiffs filed an action in state court challenging the attempted foreclosure on their property in Shingle Springs, California (the "2013 Action"). (Request for Judicial Notice, ECF No. 7-1 ["RJN"], Ex. A.) On April 6, 2016, that case was dismissed with prejudice with judgment entered for the defendants. (RJN, Exs. C, D.) After the subject property was sold at a non-judicial foreclosure sale, on December 13, 2016, plaintiffs filed another action in state court, essentially seeking to cancel the sale and quiet title in plaintiffs' name (the "2016 Action"). (RJN, Ex. E.) On July 26, 2018, that second action was dismissed with prejudice with judgment entered for the defendants. (RJN, Exs. H, I.) Finally, in order to evict plaintiffs after the non-judicial foreclosure sale, an unlawful detainer action was commenced in state court on December 20, 2017 (the "Unlawful Detainer Action"). (RJN, Ex. J.) On January 9, 2019, plaintiffs attempted to remove the Unlawful Detainer Action to this court, but the Unlawful Detainer Action was promptly remanded back to state court on January 11, 2019. (RJN, Exs. J, K.)

Moving defendants Thomas Woods, an attorney, and Stoel Rives, LLP, the law firm with which Mr. Woods is affiliated, represented some of the defendants in the 2013 Action and the 2016 Action. As discussed below, plaintiffs do not state a viable claim against either moving defendant.

As an initial matter, plaintiffs fail to state a claim for violation of federal constitutional or civil rights under 42 U.S.C. § 1983 against the moving defendants, because they are an individual private attorney and a private law firm—not state actors—and none of the recognized exceptions

---

[2] The court grants the request for judicial notice of records from this court and the El Dorado County Superior Court. (ECF No. 7-1.) The court may take judicial notice of court filings and other matters of public record. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

for private individuals plausibly apply.  See Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (recognizing that a section 1983 action is generally not applicable to private parties and outlining the public function, joint action, governmental compulsion or coercion, and governmental nexus exceptions).

To the extent that plaintiffs assert some other type of federal or state claim based on the moving defendants' conduct as opposing counsel in the 2013 Action and 2016 Action, no such claim is viable.  Indeed, plaintiffs identify no federal statute that authorizes such a claim.  Nor can plaintiffs state a viable state law tort claim on that basis.  See, e.g., Pollock v. Superior Court, 229 Cal. App. 3d 26, 29 (1991) (no independent action in contract or tort against opposing counsel for conduct in the litigation).  As the court in Pollock observed, attorneys, or as in this case, pro se litigants "have a relatively swift mechanism for redressing careless, slick, underhanded, or tacky conduct: court-imposed sanctions.  Once imposed, sanctions may be reviewed by an appellate court.  They may not, however, be tried de novo under the guise of a breach of contract or tort action."  Id. at 30.

Consequently, plaintiffs' claims against the moving defendants are subject to dismissal.

The remaining defendants (other than the judicial defendants which have been addressed in findings and recommendations issued March 14, 2019 – see ECF No. 8) have not yet appeared in the action, but are all either attorneys or law firms affiliated with plaintiffs' 2013 Action, plaintiffs' 2016 Action, or the Unlawful Detainer Action: Gary Decker, The Wolf Firm, Pavel Ekmekchyan, Yu Mohandesi, Diane Cragg, and Severson & Werson.

"A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."  Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).  "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win relief."  Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).  The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We

3

have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared.").

Here, the non-appearing defendants are in a position similar to that of moving defendants Thomas Woods and Stoel Rives, LLP, because they are all either individual attorneys or law firms who served as opposing counsel in plaintiffs' state law actions. Indeed, the complaint contains no additional allegations unique to those defendants, and claims against the non-appearing defendants are not viable for the same reasons discussed with respect to defendants Thomas Woods and Stoel Rives, LLP. Therefore, plaintiffs' claims against the non-appearing defendants are likewise subject to dismissal.

Although the court ordinarily liberally provides litigants, especially *pro se* litigants, with an opportunity to amend if pleading deficiencies can be cured, the nature of plaintiffs' claims here suggests that granting leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Because these findings and recommendations, together with the findings and recommendations issued on March 14, 2019 with respect to the judicial defendants, would dispose of all of plaintiffs' claims, the court recommends that the entire case be dismissed with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants Stoel Rives, LLP and Thomas Woods' motion to dismiss (ECF No. 7) be GRANTED, and all claims against defendants Stoel Rives, LLP and Thomas Woods be DISMISSED WITH PREJUDICE.

2. All claims against the non-appearing attorneys and law firms be DISMISSED WITH PREJUDICE.

3. The entire case be DISMISSED WITH PREJUDICE.

4. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: March 18, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE